IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HAIRL WILHELM,

    Plaintiff,        1: 08 CV 01211 WMW PC

  vs.                    ORDER DISMISSING COMPLAINT,
                         WITH PREJUDICE, FOR FAILURE
                         TO STATE A CLAIM

KEN CLARK,

    Defendant.

        Plaintiff Steven Hairl Wilhelm is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the exercise of jurisdiction by the Magistrate Judge pursuant 28 U.S.C. § 636 (c).

        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran. Plaintiff alleges that

1

his constitutional rights were violated because prison officials did not permit Plaintiff to have direct contact visitation with his grandson. Plaintiff also alleges that CDCR's new regulations regarding requirements for visitation with minors is an unconstitutional ex post facto law. Plaintiff names Ken Clark as Defendant. For the reasons set forth below, Plaintiff's complaint is dismissed with prejudice.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time of the court determines that . . . the action or appeal. . . fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(s)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, " none of which applies to section 1983 actions. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n. 9(1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting Ivey v. Board of Regents, 673 f.2d 266, 268 (9th Cir. 1982).

Plaintiff was denied direct contact visits with his minor grandson and could only visit his

grandson in a glass partitioned booth. Plaintiff contends that restricting visitation with his grandson violated his rights under the constitution. Plaintiff was denied contact visitation with his grandson pursuant to new regulations permitting the classification committee to order all of an inmate's visitation with minors to be non-contact upon a determination that the inmate will pose a harm to minor visitors. Plaintiff contends that the new regulations violate the Ex Post Facto Clause.

Prisoners have no constitutional right to contact visitation privileges. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994). Therefore, the denial of contact visitation with his grandson, in itself, does not violate Plaintiff's constitutional rights. The Ex Post Facto Clause prohibits laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995)(quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990)). "Not every change in a convicted person's situation violates the Ex Post Facto Clause." Rise v. Oregon, 59 F.3d 1556, 1562 (9th Cir. 1995). "Legislation may lawfully impose new requirements on convicted persons if the statute's 'overall design and effect' indicates a 'nonpunitive intent.'" Id. (quoting United States v. Huss, 7 F.3d 1444, 1447 (9th Cir. 1993). A new law will not constitute "punishment" where the law's purpose and effect was regulatory rather than punitive. United States v. Collins, 61 F.3d 1379, 1383 (9th Cir. 1995).

Plaintiff's argument appears to be that the new regulations make prison life more harsh or inconvenient for him, which is not sufficient to constitute ex post facto punishment. The challenged regulations do not increase the length of Plaintiff's term of imprisonment, nor are they considered "punishment." Plaintiff does not allege any facts indicating that the new regulations were punitive. In fact, the new regulations (attached to Plaintiff's complaint as Exhibit B) state, under the section titled "Initial Statement of Reasons," that the regulations were "to standardize processes concerning visiting restrictions with minors" and to "insure the safety of all persons including visiting minors." (Compl. 11). Therefore, Plaintiff fails to state a

cognizable claim for a violation of the Ex Post Facto Clause.

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief could be granted under section 1983. The Court finds that the deficiencies in Plaintiff's complaint are not capable of being cured by amendment. Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:  March 23, 2009**      /s/  **William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE